**Khairalla Elias STAIPHO;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–72359.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed July 18, 2007.

Douglas D. Nelson, Esq., San Diego, CA, for Petitioners.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and CALLAHAN, Circuit Judges, and REED,* District Judge.

MEMORANDUM **

Petitioners Khairalla Elias Staipho, Nahia Khairildeen Yacoub, and Wissam Khairalla Staipho are a husband, wife and their adult son. The Staiphos are natives and citizens of Iraq. They fled Iraq in 1995. After several years of living in other countries they traveled to the United States' border with Mexico where they applied for asylum in the United States.[1]

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the

The immigration judge ("IJ") determined that the Staiphos were eligible for asylum but denied asylum as a matter of discretion—the IJ, however, did grant withholding of removal. The Staiphos filed this petition for review arguing that the IJ failed to follow required procedures when making the discretionary decision on whether to grant asylum. Jurisdiction is conferred by 8 U.S.C. § 1252. We grant the petition and remand.

Where, as here, eligibility for asylum is established, the attorney general's discretionary denial is conclusive unless manifestly contrary to the law and an abuse of discretion. 8 U.S.C. § 1252(b)(4)(D); *Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004). When the Board of Immigration Appeals ("BIA") summarily affirms the order of the IJ without comment, as occurred here, we review the decision of the IJ. *Li v. Ashcroft,* 378 F.3d 959, 961 (9th Cir.2004).

The IJ rejected the Staiphos' application for asylum primarily because the Staiphos had failed to follow orderly asylum procedures and failed to take advantage of opportunities for asylum in other countries. In *Matter of Pula,* 19 I. & N. Dec. 467 (BIA 1987), the BIA articulated a totality of the circumstances test and set forth a non-exclusive list of discretionary factors to be considered by the IJ in deciding whether to grant asylum to an eligible alien. We have held that it is an abuse of discretion for an IJ not to show proper consideration of all relevant factors when weighing equities and denying relief. *Kalubi,* 364 F.3d at 1140–41.

■ One of the *Pula* factors is "whether the alien has relatives legally in the United States or other personal ties to this country which motivated him to seek asylum here rather than elsewhere." *Pula,* 19 I. & N. Dec. at 474. Despite the fact that both Khairalla and Nahia testified that the presence of relatives in this country was an important reason for seeking asylum here, the IJ did not mention this fact in the decision. An IJ need not explain the importance of the relevant *Pula* factors at length, but "the balance of favorable and unfavorable factors should be explained with enough clarity so that we can understand the rationale" for the denial. *Kalubi,* 364 F.3d at 1141. The IJ did not do so here.

■ The IJ also erred in failing to credit the testimony of Khairalla and Nahia. We have repeatedly held that "[t]estimony must be accepted as true in the absence of an explicit adverse credibility finding." *Kalubi,* 364 F.3d at 1137 (citing *Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000)). In *Kataria* we further explained that, in the absence of an explicit adverse credibility finding, it is error to require a petitioner to produce corroborating evidence. *Kataria,* 232 F.3d at 1114. Here, although the IJ found Khairalla "generally credible," the IJ questioned whether the Staiphos had actually sought asylum in Australia (as they had testified) and stated that they had provided "insignificant corroboration" of their claim. As we held in *Kataria,* in the absence of an adverse credibility finding it is contrary to law and an abuse of discretion to require that testimony be corroborated.

The ultimate decision on whether to grant asylum is vested in the attorney general as a matter of discretion, and we express no opinion as to whether the Staiphos should be granted asylum. 8 U.S.C. § 1252(b)(4)(D). We remand so that the Staiphos' request for asylum may

facts and procedural history, we do not restate them here except as necessary to explain

our disposition.

be reconsidered accepting the Staiphos' testimony as true, so that the IJ may properly consider all the relevant favorable and adverse factors, and so that the IJ may explain the balancing and weighting of relevant factors with sufficient clarity.

PETITION GRANTED and REMANDED.